Good morning, Your Honors. Good morning. Please, the Court. First of all, Vance Gonzales, my name is Nathan Brown from Brown Patent Law. I am representing appellant and non-party Vance Gonzales in this manner. Vance Gonzales would have liked to have been here, but Mr. Gonzales was a special force officer and now is a government contractor. Mr. Gonzales was ordered at the last minute to Ecuador to protect the government interests during the siege of the Mexican embassy. I also want to point out that there is huge disparity between the two parties, and I think that's manifest in the reasons for the underlying lawsuit. To start off with, we're asking the Court here to reverse the contempt order against Mr. Gonzales and simply state that there is no infringement of the trademark or the copyright. I'd like to go over the facts, because neither side agrees on the facts relating to this case. First of all, 18A Chronicles started selling. I don't need to know when they started selling. Mr. Gonzales owns 18A Chronicles and Irregular, correct? Mr. Gonzales owned 18A Chronicles and does not own Irregular IP LLC. Who owns Irregular? Another company owns Irregular, but Mr. Gonzales does own that other company. What's that other company's name? It's Irregular LLC. Okay, so my question was, oh, I see. I see what you're saying is the LLC is what Mr. Gonzales owns, correct? Yes, he owns, he's too removed from owning Irregular, but for all general purposes, we can say Mr. Gonzales owns Irregular IP LLC. Irregular IP LLC only owns a trademark. In 18A Chronicles, there was no trademark involved. Irregular IP LLC simply licensed these licenses, as stated in the lawsuit and in these briefs, Irregular IP LLC simply licensed the Irregular trademark to Irregular Apparel Company. Therefore, our argument is there cannot be a successor because there was no trademark. There's no trademark previously in the 18A Chronicles. Also, 18A Chronicles was about- Irregular website states that it's operated by 18A Chronicles, correct? Your Honor, that's not correct. It did state that. That was a Scrivener's error, as we pointed out, but it does state on there that the Irregular Apparel Company owns the Irregular Apparel website. It's stated multiple times in there. There was a few- And Mr. Gonzales signed the settlement agreement with Patagonia on 18A Chronicles behalf. Yes, he did. That's correct, Your Honor. Then what is the legal basis to argue that Mr. Gonzales and Irregular are not bound by the injunction that prohibits the conduct by 18A Chronicles and its, quote, principals, officers, agents, employees, attorneys, successors, assigners, et cetera, et cetera, et cetera? Well, we don't- First of all, the contempt wasn't for the breach of contract. The attempt was for infringement, stating that Irregular infringed Patagonia. We're stating that there's no legal argument in fact. There's no argument in fact or law that says Irregular is an infringement of Patagonia. We're also saying that the- I thought the contempt was for violation of the injunction. The explanation for that- We're dealing with a And if I could address that, too, there was supposed to be a hearing. The court stated there was going to be a hearing where Mr. Gonzales and Irregular IP LOC could come. And before the hearing on the contempt charges, the court made a ruling. Ordinarily, when- There was no opportunity to file a brief on the court? They didn't do? There was a motion. Ordinarily, you have time to file a response. The court said, therefore, under the local rules, they were admitting to the contempt. Is that inaccurate? We believe so that that is inaccurate. The court- As soon as Patagonia filed the brief, the court stated that they would have a hearing on the brief. And then the court- So why did you still have to file a response? There was no- And you filed no written response? Well, no, it didn't say there was a written response. The court will hold a hearing on it. The local rules, you file a motion, you file a response. That was not indicated. Also- And when that didn't happen, why wouldn't you then go back to the judge and say, hey, you didn't give me an opportunity. I'd like to file something before this for you to reconsider, a motion to reconsider. So instead of filing a motion, Mr. Gonzales appealed, which was also his option. I want to get back to what you said, that there wasn't an opportunity to file a response. Isn't that rock solid in the rules, that he gets a chance to file a response after two weeks or whatever that time period is? It's typically, in my experience, the court will wait to set a hearing after it was briefed. But the court didn't say, after Mr. Gonzales files a response, the court just said that we'll hold a hearing with never having filed any papers. Right, right. That was what- And the local rules allow that, you thought. So I was involved. That's what Mr. Gonzales understood at the time, because that was a plain language. Well, that wasn't a plain language. The plain language was going to be a hearing, but not that there was going to be a hearing without any written response, which rules require. With all due respect, it didn't mention any response. And the other issue we have is, the written agreement was for the Patagucci and the Grey Zonic stand trademarks. And these irregular and Patagucci and Grey Zonic stand are completely separate. And so- They're not all that separate, because they look very much the same, but a different word on them. Exactly the same picture, different word, right? Right, but there is no Patagucci design without Patagucci, which means there's no irregular design without irregular. So it's a Patagucci design. The Patagucci, you take away Patagucci, there is no Patagucci design. Patagucci is, well- The relevance of that is that, therefore, the injunction didn't apply or what? The relevance of that is they weren't, is Mr. Gonzales was not in breach of contract, because the contract was- He defaulted on that, right? I mean, this is the third level. This is the contempt after the injunction in which there was a complete default when nobody defended that either. Is that right? Right, because 18A Chronicles did not exist. It existed in name only. It didn't have control of a business, of a website. It didn't have anything. And it was not even served. There was no service. There was issues with service. Mr. Gonzales was never served. Irregular IP was never served. And like I said, irregular IP just licenses a trademark. And there's no trademark for to be a successor. Counsel, I guess I want to come back to the filing. And this is something I'm very concerned about. You said that the motion was filed and that you were not given an opportunity. Now, as an officer of the court, are you standing there and telling me that you never had an opportunity under the court rules? First of all, I did not represent. I only represented on appeal. I'm saying Mr. Gonzales did not respond because of the plain language of the court order that they're doing hearing on us. It's my understanding that after the time had elapsed for the response that was necessary to be filed that apparently didn't happen, the court then issued the ruling. Is that not what happened? To my best recollection, I don't remember that happening. I believe Mr. Gonzales was waiting for the hearing as stated in the plain language. Mr. Gonzales was served with the motion, was he not? No, there was no service on Mr. Gonzales. Well, how did he know about the hearing? Did he get service of the court's order? No, an email. I was given an email, I believe. He just says you didn't represent them on that. I didn't represent them on that. I was representing them in a separate matter. My understanding is that there was some fussing around about whether it was proper service, but eventually there was proper service. I'm not aware of any proper service. At the time, Mr. Gonzales was in Poland, and then later on he was in Libya, so there's no way they served Mr. Gonzales personally as required. Did you want to reserve any time? Yes, I'd like to reserve the last four minutes, please. Thank you. Thank you. Good morning, counsel. Good morning. May it please the court. I understand that there's going to be a division of time. I'm sorry? Division of time, three minutes? Yes, I'll be speaking for three minutes. Okay, go ahead. Appellant Mr. Gonzales has raised a lot of I'm here to briefly discuss what those issues are that are not appealable, and then my co-counsel, Mr. Bricker, will discuss the few narrow issues that can even be heard by this court. Are you representing different parties? Same party, Patagonia. This is a really bad idea to spin an argument. I would not have permitted it had I noticed it. We informed the court beforehand of our plan, but if you'd like, we can... Well, go ahead. Okay. So the first issue is that Mr. Gonzales is the only party who's filed a notice of appeal, and Mr. Brown stated he's here on behalf of Mr. Gonzales. So any attempts by a regular or 18A to appeal anything on their behalf is improper. Secondly, Mr. Gonzales is trying to bring a bunch of collateral attacks on the underlying judgment, but that's not appealable here. So first of all, the underlying judgment and contempt proceedings cannot be relitigated, which is what he's attempting to do. And second of all, underlying judgment became reissue to cut out the issues. I'm not so sure that's a current... I understand there's a firm match-up, but it seems to be largely honored in the breach at this point. But anyway, go ahead. So the issues of trademark and copyright infringement were already litigated and decided by the district court. This is an appeal of the motion for contempt. So any discussions of infringement are not properly discussed here because they've already been decided. He was a non-party. 18A was a party. Yeah, but Gonzales and Regular were at least formally speaking non-parties to the injunction proceedings. That's correct. So I don't know that he can't challenge the injunction, but the larger point is he didn't. He didn't do anything in the district court. Correct. And in the first lawsuit, that was brought against both 18A and neither of them appeared. It ended up in a settlement agreement in which both Mr. Gonzales on behalf of 18A signed that agreement. And the district court found that 18A then breached that agreement and then issued an injunction. So that injunction cannot be appealed here. And Mr. Gonzales says that there is a factual dispute, but he does not indicate what fact he would have brought. He doesn't even indicate one fact that he would have presented at a hearing. So for these reasons, we think there are only a few narrow issues that can be appealed, which my co-counsel will go into. Very well. Thank you. Mr. Bricker? Good morning, Your Honors. Mr. Bricker on behalf of Patagonia. Ryan Bricker on behalf of Patagonia. Was Mr. Gonzales served? Yes. Mr. Gonzales was served and it's at the record. I assume, Your Honor, you're asking about with the motion for contempt? Yes. Yes, Your Honor. It's at the record at ER 829 and 33. He was served and also irregular and his email address received notice of motion for contempt. A deadline was set for his opposition by May 1st and initially a hearing was set for May 22nd. And in the order on contempt, the court acknowledged that it was unsurprising, given the facts of the case, that none of these parties filed an opposition and took the hearing off calendar in order to issue the order. It seems to me like if they're not participating at all, they meaning the defendants, they're not participating at all. They don't file a response. Why even bother to hold the hearing? It would just be a further waste of time. But then I guess that leads to the question, does that implicate any due process problems, which is something that the appellants raise? Is there a due process issue by skipping over the hearing? Your Honor, there's no due process issue. And I agree with you. They had not appeared. There was no reason. And the district court acknowledged that there would be no reason to be a waste of time to hold the hearing. The law is clear in the Ninth Circuit that these contempt... They had defaulted on the... I mean, the people who, at least A18, had defaulted in the underlying injunction as well. That's correct. So it was no big surprise that nobody showed up. Yes, Your Honor. And at page 25 of our briefing, it's clear Ninth Circuit law that there can be a finding of civil contempt without a full-blown evidentiary hearing, and it does not deny due process of law. And those circumstances are obviously clearly parallel here. This entire appeal presents a fairly simple question. Can a party use a shell game to avoid an injunction issued by a federal court? And both the Central District of California, to which this court owes deference as to the underlying factual findings, and then again, the Western District of Texas, when a regular filed its lawsuit seeking to unwind what the California courts have done, clearly answered this question appropriately and in the negative, holding Mr. Gonzalez and all of his companies, including the one that he created days after the second lawsuit in order to avoid the injunction responsible for the conduct through the contempt order. The district court in the contempt order went through a very basic process of, as Your Honors have already acknowledged, holding the designs up, comparing them, determining that the designs that Mr. Gonzalez, Irregular, and 18A Chronicles were selling were identical to those that were subject to the injunction and subject to the underlying settlement agreement, which the injunction was partially based on. Except for the name. Except for the term that was embedded in the designs. But the injunction was not confined to a term. The injunction was broader than that and spoke to the designs as infringing Patagonia's trademarks and copyrights. I think that that timeline helps address some of the issues that we've attempted to discern from Mr. Gonzalez's briefing. And I can go through a little bit of the timeline if it would be helpful to the court, but it seems like you've got... Well, aside from the fact that they didn't respond, and that may be the end of the story, as I understand it, he's making two arguments. One of them is that the injunction wasn't proper and he gets to challenge that. Do you agree with that? Your colleague said no, but that's why it's a bad joke. Just to put an argument, because I'm asking you now. Your Honor, we have a junior lawyer that we wanted to give an opportunity to spend some time arguing with. That's on me, and I apologize for that division. I actually appreciate that you all did that. That's, in my opinion, a good thing. Well, I understand that there could be positions both ways on that. My point is I'm asking you, even though it was supposedly her bailiwick. Of course. Go ahead. No, the underlying injunction has been set, and the time has run on requesting reconsideration, appealing, et cetera, et cetera. And all of these parties, Mr. Gonzalez, Irregular, 18A Chronicles, every entity that we could identify that Mr. Gonzalez has created in order to continue this campaign of infringement had notice of that injunction. They were served with the injunction. They had an opportunity to challenge it at that time. We're far beyond that. At which time? I'm sorry. Well, within the time after the injunction issued. The injunction issued on March 22nd, 2023. So how did they have the opportunity to challenge the injunction if it was already issued? Well, they could have not defaulted in the first place. Were they served in that case? I'm sorry? Were they served in that case? Yes. Gonzalez and the other entity? And 18A Chronicles. This is one of the reasons why this timeline sort of, I think, is relevant to this case. In the second case, after the settlement agreement, when we found that Mr. Gonzalez and 18A Chronicles were continuing to sell these designs, albeit with a different term in them, we filed the second lawsuit. We sent that lawsuit as a courtesy copy to the prior council that was representing Mr. Gonzalez and 18A Chronicles and asked if he would accept service. That was on November 16th, 2022. Uh, we now know that Mr. Gonzalez formed these irregular entities on November 18th, 2022. Patagonia did not know of the formation of these entities that have been acting in concert with 18A Chronicles and Mr. Gonzalez. But Gonzalez, in any event, was served with that? Yes. Yes. Yes, Your Honor. He was served. The entity was or not? That's correct. Mr. Gonzalez was served. But he defaulted. That is correct. Yes. And 18A defaulted. Yes. Yes. They did not appear. They defaulted. The injunction was issued. And if they, you know, I mean, their opportunity to have a voice about what the injunction should look like was within the context of that case. But even if they had, you know, wanted to appear, I guess, afterwards, there may have been an opportunity to request reconsideration or challenge that injunction at that time. But that time has run, has long run. And this appeal is not, it's just not an appealable issue. And it hasn't been properly raised by Mr. Gonzalez at any issue. What's not an appealable issue? The scope of the injunction. The scope of the underlying injunction. The only thing that he could appeal at this point is the contemporary. But that's relying on Maggio. And as the next Supreme Court case shows, it's been honored in the breach. And I'm not, I mean, my understanding is that that general rule about whether you can challenge an injunction is somewhat defunct. Although in this instance, it seems like it's all the same person. So it's, I mean, they're officially not parties to the earlier injunction. Right? Officially. I understand that they're, they're, they're. The earlier injunction is specifically aimed at 18A Chronicles. You're right. But it has the, the scope that, you know, that is typical of all of these injunctions. It binds principals, successors, assignees, affiliates, and any party acting in concert with the specific company that is, that is, that's enjoined. And I think that brings us back to the theme of this appeal. The reason that federal courts need the ability to grant injunctions with that type of scope is so that we don't run into shell games where we have an individual whose subject, whose company is subject to an injunction. But that's a different question from whether in an ordinary case we had a real non-party who was aiding and abetting would have the authority to challenge the injunction, which you'd think they would because they were non-parties. So. You're, you're right, Your Honor. This is an even easier case. We've got. Well, it's easier mainly because in the end they didn't, they were filed in opposition to the contempt motion. That's the easiest reason. Correct. Yes. Thank you, Your Honor. Yes, and because Mr. Gonzalez is the fulcrum of all of the, all of this activity, it is, and has had notice and has been served all along. It is, it's a fairly straightforward. It's not fairly straightforward. It is a straightforward question that the contempt order should be upheld. Anything else, Counsel? I have a few minutes left. If I, if you have any other questions, I'm happy to answer them. But we have nothing further. I do not. Any questions, Judge? No other questions. Thank you. Thank you, Your Honors. You know, while you're getting settled up there, I thought I would just raise this issue, which is I think that, that the overriding, what you're practically asking us to do is reward bad behavior. So, let me, let me explain that. How is a district court supposed to handle infringement actions like this, whether it's a domain name infringement or a, or a, or a trademark infringement, if the defendant chooses not to appear and chooses not to defend, and there's a default, and then so on and so forth? So, I guess that's the biggest problem I have with your position, Mr. Brown. Well, Your Honor, I, I practice mainly in the Arizona District Court, and I've been on the other side of this. And the, the, the judges there are- Which district court, I'm sorry? The Arizona District Court. The judges there, and you can check the record- I'm not a judge there. I know. That's why I'm bringing it up. And I've yet to practice in front of you. But the judges there, any default motion, they go over it fact by fact, and they have to prove it. And if there's any ambiguity, they, they review it. And sometimes I've, we've had to spend over a year going through clearing up any questions in the default, in a default judgment. And- What's the default judgment you're talking about? The original, the one underlying the injunction or the contempt issue? The one underlying the injunction, for example, 18A Chronicles didn't, there's, they found a few Scribner's errors and ignore 99% of what is on the webpages, saying that irregular, irregular parent company owns everything. And just because a few, a template was used and, and the terms of service, and I think one other place, the word 18A was still there. Why exactly does that matter? I mean, the injunction ran against A18, which- Right. Did violate its own contract, right? And people who were successors or aiders and embedders and so on, these other organizations came in under that rubric. So what difference does it make? Well, well, first we're saying that we don't believe they breached, they breached the contract because 18A, 18A wasn't involved and the 18A contract- Wasn't involved until the point that the lawsuit was filed. And, and for a couple of days thereafter, even by, by this subterfuge, it still was. No, Your Honor, we completely, we completely and utterly disagree with that. We believe 18, or we believe Irregular Apparel owned it. Irregular IP, LLC was started- But not at the time the lawsuit was filed. Afterwards, right? That's incorrect. And even on their lawsuit, you will see the screenshots they take. This is owned by Irregular Apparel Company. There's no 18A. Irregular IP was started- But all after the lawsuit. I thought this organization was only existed three days after the lawsuit was filed. No, that's, that's the facts. But it doesn't agree even with their, with their complaint, which shows Irregular Apparel Company owning and running everything days before. They're saying Irregular IP, which we've stated multiple times to them, that Irregular IP is just a licensing company of the Irregular brand. But everything previously, as even in their complaint, it says on the top, owned by Irregular Apparel Company. I have some other quick things I have to get through is, is we're asking the court to rule de novo because this is a question of fact and law. And they were asking the court to go through the contempt charge and all the facts related to the contempt charge. And the contempt charge is essentially, was an infringement. We don't believe that there's any way possible that Irregular can infringe Patagonia. And they're saying it's designs that are the same. That's not even true. We were, Irregular had to remove a waves hat with just the word Irregular on it. That was found to be infringing. There's, there's a, there's waves on there that says Irregular. That was found to be infringing. The whole idea was anything with the word Irregular on there was found to be infringing. And we find that with a simple eye test to be impossible. Counsel, I think you're out of time. Let me see if the judges have any other questions. Do you have any questions? No. No. Thank you very much. Thank you, Your Honor. The matter of Patagonia versus 18A Chronicles and Vance Gonzalez is submitted at this point. Thank you for your arguments today. And we will be in recess. Thank you. Thank you. All rise. This court for this session stands adjourned.
judges: BERZON, MENDOZA, Liburdi